# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

### CASE NO 19-10163-CIV-MARTINEZ-OTAZO-REYES

| | |
|---|---|
| PEDRO J. CABRE, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| COTTON HOLDINGS, INC. D/B/A COTTON COMMERCIAL USA, et al., | ) ) ) |
| Defendants. | ) ) |

### **DECLARATION OF KEITH A. NICKERSON**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the following is true and correct:

1. From July 5, 1989 to July 5, 1999, I was employed by McGillivary Steele Elkin LLP (f/k/a Woodley & McGillivary LLP) as a paralegal, and from October 1, 2001 to October 1, 2002 as a consultant. From July 2004 through the present, I have been employed by McGillivary Steele Elkin LLP as its Litigation Director. As Litigation Director, among other things, I am responsible for conducting data analysis related to complex pay issues and preparing reports on the results of my analysis. In addition, I supervise the litigation paralegals and assistants who may assist me in these data analysis projects. In 2001, I earned a Masters Degree in Business Administration from the University of Maryland Business School.

2. Based upon information provided by the plaintiffs and attorneys in this matter, including the First Amended Complaint, I developed a spreadsheet analysis of the backpay amounts owed to the plaintiffs. The claims in this case include: 1) a Minimum Wage Claim; 2) an

Overtime Pay Claim; 3) a breach of contract claim; and 4) an unlawful retaliation claim on behalf of two plaintiffs, Reinaldo Quintero Sr. and Gustavo Hernandez. I also supervised the work of a litigation paralegal who assisted in the compilation of this data.

3. Plaintiffs' counsel McGillivary Steele Elkin LLP contacted all plaintiffs who have opted-in to this case who worked for defendants Cotton Commercial USA, Inc., Superior Staffing & Payroll Services, VCDP Companies, Inc., and Daniel Paz (collectively "Defendants"), during the applicable recovery period to gather details about the specific pecuniary losses each plaintiff suffered as a result of the Defendants' violations.

4. Plaintiffs' counsel received information and signed declarations from 17 plaintiffs. The declarations contain the information necessary to calculate each plaintiffs' damages and are attached to this declaration as Appendix I. The information provided by the plaintiffs was entered into an excel spreadsheet by McGillivary Steele Elkin LLP.

5. The spreadsheet for each claim lists each of the plaintiffs by work location in alphabetical order. For ease of reference, the Coordinator plaintiff's location is listed as "Coordinator" in the "Location" column (Column D). The plaintiffs are further identified by a row number. The information associated with the specific plaintiff's claim is then included in the same row of data as explained below.

6. For explanatory purposes, I will use as an example the claims of plaintiff Vanessa Cruz, a plaintiff whose claim is not unique or extraordinary.

7. The purpose of my review was to identify the backpay amounts owed due to the unpaid hours of work performed by plaintiffs for Cotton Commercial USA, Inc., Superior Staffing & Payroll Services, VCDP Companies, Inc., and Daniel Paz (collectively "Defendants") until 10/21/2017.

8. Column A lists the plaintiff's Reference Number. The Reference Number for Plaintiff Cruz is "4."

9. Column B lists the plaintiff's Last Name. The Last Name for Plaintiff Cruz is "Cruz."

10. Column C lists the plaintiff's First Name. The First Name for Plaintiff Cruz is "Vanessa."

11. Column D lists the plaintiff's Job Location. The Job Location for Plaintiff Cruz is "Hyatt."

12. Column E lists the plaintiff's Eligibility Start Date during the recovery period. The Eligibility Start Date for Plaintiff Cruz is "9/17/17."

13. Column F lists the plaintiff's Eligibility End Date during the recovery period. The Employment End Date for Plaintiff Cruz is "10/21/17."

14. Column G lists the total number of weeks the plaintiff was unpaid for hours of work under the recovery period. The number of weeks for Plaintiff Cruz is "5."

15. Column H lists the Hourly Base Rate promised to Plaintiffs. The Hourly Base Rate for Plaintiff Cruz is "$11.00."

16. Column I calculated the amount owed to the plaintiff based on the time and one-half rate that would be owed for hours worked above 40 hours during a week. The time and one-half overtime rate of pay for Plaintiff Cruz is "$16.50."

17. Column J lists the Total Hours of Work each week for which plaintiffs were not paid. The Total Hours of Work per week for Plaintiff Cruz is "77.00."

18. Column K lists the Total Hours of Work per week owed at the promised hourly rate under a 40-hour threshold during the week. The Total Hours of Work per week owed at the promised hourly rate for Plaintiff Cruz is "40."

19. Column L lists the Total Hours of Work at the time and one-half overtime rate, based on the promised hourly rate, for hours worked above the 40-hour threshold during a week. The Total Hours of Work per week owed at the time and one-half overtime rate for Plaintiff Cruz is "37."

20. Column M, or the Total Backpay Amount Owed For Hours <=40, reflects the number of hours worked under the 40-hour threshold per week multiplied by the hourly rate, multiplied by the number of weeks worked (Column G). The Total Backpay Amount Owed to Plaintiff Cruz is "$2,200.00"

21. Column N, or the Total Backpay Amount Owed For Hour >40, reflects the number of hours worked above the 40-hour threshold per week multiplied by the time and one-half overtime pay rate and again by the number of weeks the plaintiff was unpaid for hours of work (Column G). The Backpay Amount Owed for hours worked above the 40-hour threshold for Plaintiff Cruz is "$3,052.50."

22. Column O, or the Backpay Total Amount owed for all unpaid hours, reflects the sum of the amounts in Columns M and N. The Backpay Total Amount owed to Plaintiff Cruz is "$5,252.50."

23. Column P, or the Total Liquidated Damages amount at 100%, reflects liquidated damages at 100%, or an amount equal to the backpay total, for all unpaid hours. The Total Liquidated Damages for Plaintiff Cruz is "$5,252.50."

24. Column Q, or the Total Backpay and Liquidated Damages, is simply the sum of the Total Backpay amount (Column O) and the Total Liquidated Damages amount (Column P). The Total Backpay and Liquidated Damages for plaintiff Cruz is "$10,505.00."

25. Column R lists the Retaliation Damages Amount owed to each plaintiff for claims of FLSA retaliation. The Retaliation Damages Amount of Plaintiff Cruz is "$0," as she has not asserted this claim.

26. Column S lists the Total Damages Amount owed to each plaintiff, based on a sum of the amounts in Total Backpay and Liquidated Damages (Column Q) and Retaliation Damages Amount (Column R). The Total Damages owed to Plaintiff Cruz is "$10,505.00."

27. Column T lists the Settlement Distribution Amount paid to plaintiffs through their Settlement Agreement with Cotton Commercial USA in July 2020. The Settlement Distribution amount awarded to Plaintiff Cruz was "$3,010.43."

28. Column U, or the Net Total Damages, is simply the difference between the Total Damages (Column S) and the Settlement Distribution Amount (Column T). The Net Total Damages for all unpaid hours owed to Plaintiff Cruz, taking into account her previous settlement distribution, is "$7,494.57."

29. The top section of the worksheet applies to 16 plaintiffs. In addition, there is an 17th plaintiff, Reinaldo Quintero Sr., who occupied the title of Coordinator. His damages are calculated using the same methodology but are split into two separate lines as he reported different numbers of hours of work in the two different time periods. Otherwise, the calculation methodology is the same for plaintiff Quintero Sr. as it is for the 16 plaintiffs in the top section.

30. The Net Total Damages for all 17 plaintiffs appears at the bottom of Column U. The Net Total Damages for all plaintiffs is "$127,969.96."

I declare under penalty of perjury, pursuant to 28 U.S.C. Section 1746, that the foregoing is true and correct.

Dated: July 30, 2020                              */s/ Keith A. Nickerson*
                                                   Keith A. Nickerson

# Exhibit A

DAMAGE CALCULATIONS

| REF # | LAST NAME | FIRST NAME | LOCATION | START DATE OF CLAIM | END DATE OF CLAIM | # OF WEEKS | BASE RATE | 1.5 BASE RATE | TOTAL HOURS OF WORK | HOURS <=40 | HOURS >40 | BACKPAY AMOUNT OWED FOR HOUR <=40 | BACKPAY AMOUNT OWED FOR HOUR >40 | BACKPAY TOTAL AMOUNT OWED | LIQUIDATED DAMAGES | TOTAL BACKPAY AND LIQUIDATED DAMAGES | RETALIATION DAMAGES AMOUNT | TOTAL DAMAGES | SETTLEMENT DISTRIBUTION AMOUNT JULY 2020 | NET TOTAL DAMAGES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Cabre | Pedro | HILTON | 10/08/17 | 10/21/17 | 2 | $ 10.00 | $ 15.00 | 77.00 | 40.00 | 37.00 | $ 800.00 | $ 1,110.00 | $ 1,910.00 | $ 1,910.00 | $ 3,820.00 | | $ 3,820.00 | $ 2,030.33 | $ 1,789.67 |
| 2 | Cruz | Kassandra | HYATT | 09/17/17 | 10/21/17 | 5 | $ 11.00 | $ 16.50 | 77.00 | 40.00 | 37.00 | $ 2,200.00 | $ 3,052.50 | $ 5,252.50 | $ 5,252.50 | $ 10,505.00 | | $ 10,505.00 | $ 3,315.86 | $ 7,189.14 |
| 3 | Cruz | Kendy | HILTON | 10/08/17 | 10/21/17 | 2 | $ 10.00 | $ 15.00 | 77.00 | 40.00 | 37.00 | $ 800.00 | $ 1,110.00 | $ 1,910.00 | $ 1,910.00 | $ 3,820.00 | | $ 3,820.00 | $ 1,941.23 | $ 1,878.77 |
| 4 | Cruz | Vanessa | HYATT | 09/17/17 | 10/21/17 | 5 | $ 11.00 | $ 16.50 | 77.00 | 40.00 | 37.00 | $ 2,200.00 | $ 3,052.50 | $ 5,252.50 | $ 5,252.50 | $ 10,505.00 | | $ 10,505.00 | $ 3,010.43 | $ 7,494.57 |
| 5 | Farfan | Yormar | HILTON | 10/08/17 | 10/21/17 | 2 | $ 10.00 | $ 15.00 | 77.00 | 40.00 | 37.00 | $ 800.00 | $ 1,110.00 | $ 1,910.00 | $ 1,910.00 | $ 3,820.00 | | $ 3,820.00 | $ 2,022.23 | $ 1,797.77 |
| 6 | Gonzalez | Noiralith | HILTON | 10/08/17 | 10/21/17 | 2 | $ 10.00 | $ 15.00 | 77.00 | 40.00 | 37.00 | $ 800.00 | $ 1,110.00 | $ 1,910.00 | $ 1,910.00 | $ 3,820.00 | | $ 3,820.00 | $ 2,030.33 | $ 1,789.67 |
| 7 | Hernández | Gustavo | HYATT | 09/17/17 | 10/21/17 | 5 | $ 11.00 | $ 16.50 | 77.00 | 40.00 | 37.00 | $ 2,200.00 | $ 3,052.50 | $ 5,252.50 | $ 5,252.50 | $ 10,505.00 | $ 5,000.00 | $ 15,505.00 | $ 3,935.51 | $ 11,569.49 |
| 8 | Morales | Jennis | HYATT | 09/17/17 | 10/21/17 | 5 | $ 11.00 | $ 16.50 | 77.00 | 40.00 | 37.00 | $ 2,200.00 | $ 3,052.50 | $ 5,252.50 | $ 5,252.50 | $ 10,505.00 | | $ 10,505.00 | $ 2,890.95 | $ 7,614.05 |
| 9 | Moyedo | Jose | HYATT | 09/17/17 | 10/21/17 | 5 | $ 11.00 | $ 16.50 | 77.00 | 40.00 | 37.00 | $ 2,200.00 | $ 3,052.50 | $ 5,252.50 | $ 5,252.50 | $ 10,505.00 | | $ 10,505.00 | $ 2,890.95 | $ 7,614.05 |
| 10 | Navas | Jerico | HYATT | 09/17/17 | 10/21/17 | 5 | $ 11.00 | $ 16.50 | 77.00 | 40.00 | 37.00 | $ 2,200.00 | $ 3,052.50 | $ 5,252.50 | $ 5,252.50 | $ 10,505.00 | | $ 10,505.00 | $ 3,297.64 | $ 7,207.36 |
| 11 | Omar | Valeria | HYATT | 09/17/17 | 10/21/17 | 5 | $ 11.00 | $ 16.50 | 77.00 | 40.00 | 37.00 | $ 2,200.00 | $ 3,052.50 | $ 5,252.50 | $ 5,252.50 | $ 10,505.00 | | $ 10,505.00 | $ 2,206.50 | $ 8,298.50 |
| 12 | Omar | Samira | HYATT | 09/17/17 | 10/21/17 | 5 | $ 11.00 | $ 16.50 | 77.00 | 40.00 | 37.00 | $ 2,200.00 | $ 3,052.50 | $ 5,252.50 | $ 5,252.50 | $ 10,505.00 | | $ 10,505.00 | $ 2,874.75 | $ 7,630.25 |
| 13 | Quintero Jr | Reinaldo | HILTON | 10/08/17 | 10/21/17 | 2 | $ 10.00 | $ 15.00 | 77.00 | 40.00 | 37.00 | $ 800.00 | $ 1,110.00 | $ 1,910.00 | $ 1,910.00 | $ 3,820.00 | | $ 3,820.00 | $ 2,030.33 | $ 1,789.67 |
| 14 | Romero | David | HYATT | 09/17/17 | 10/21/17 | 5 | $ 11.00 | $ 16.50 | 77.00 | 40.00 | 37.00 | $ 2,200.00 | $ 3,052.50 | $ 5,252.50 | $ 5,252.50 | $ 10,505.00 | | $ 10,505.00 | $ 2,890.95 | $ 7,614.05 |
| 15 | Servodio | Moises | HYATT | 09/17/17 | 10/21/17 | 5 | $ 11.00 | $ 16.50 | 77.00 | 40.00 | 37.00 | $ 2,200.00 | $ 3,052.50 | $ 5,252.50 | $ 5,252.50 | $ 10,505.00 | | $ 10,505.00 | $ 3,206.51 | $ 7,298.49 |
| 16 | Villasana | Erick | HYATT | 09/17/17 | 10/21/17 | 5 | $ 11.00 | $ 16.50 | 77.00 | 40.00 | 37.00 | $ 2,200.00 | $ 3,052.50 | $ 5,252.50 | $ 5,252.50 | $ 10,505.00 | | $ 10,505.00 | $ 2,522.40 | $ 7,982.60 |
| | | | | | | | | | | | | $ 28,200.00 | $ 39,127.50 | $ 67,327.50 | $ 67,327.50 | $ 134,655.00 | $ 5,000.00 | $ 139,655.00 | $ 43,096.90 | $ 96,558.10 |

| | LAST NAME | FIRST NAME | LOCATION | START DATE OF CLAIM | END DATE OF CLAIM | # OF WEEKS | BASE RATE | 1.5 BASE RATE | TOTAL HOURS OF WORK | HOURS <=40 | HOURS >40 | BACKPAY AMOUNT OWED FOR HOUR <=40 | BACKPAY AMOUNT OWED FOR HOUR >40 | BACKPAY TOTAL AMOUNT OWED | LIQUIDATED DAMAGES | TOTAL BACKPAY AND LIQUIDATED DAMAGES | RETALIATION DAMAGES AMOUNT | TOTAL DAMAGES | SETTLEMENT DISTRIBUTION AMOUNT JULY 2020 | NET TOTAL DAMAGES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 17 | Quintero Sr | Reinaldo | COORDINATOR | 09/17/17 | 10/07/17 | 3 | $ 24.00 | $ 36.00 | 126.00 | 40.00 | 86.00 | $ 2,880.00 | $ 9,288.00 | $ 12,168.00 | $ 12,168.00 | $ 24,336.00 | $ 5,000.00 | $ 29,336.00 | $ 3,012.14 | $ 26,323.86 |
| | | | | 10/08/14 | 10/14/17 | 1 | $ 24.00 | $ 36.00 | 84.00 | 40.00 | 44.00 | $ 960.00 | $ 1,584.00 | $ 2,544.00 | $ 2,544.00 | $ 5,088.00 | $ - | $ 5,088.00 | | $ 5,088.00 |
| | | | | | | | | | | | | $ 3,840.00 | $ 10,872.00 | $ 14,712.00 | $ 14,712.00 | $ 29,424.00 | $ 5,000.00 | $ 34,424.00 | $ 3,012.14 | $ 31,411.86 |
| | | | | | | | | | | | | | | | | | | | NET TOTAL DAMAGES | $ 127,969.96 |